**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4094**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BARBARA HAWKINS,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Alexander Williams, Jr., District Judge. (CR-03-48)

———————

Submitted:  September 1, 2004       Decided:  September 17, 2004

———————

Before NIEMEYER, LUTTIG, and WILLIAMS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Christopher M. Davis, Mary E. Davis, DAVIS & DAVIS, Washington, D.C., for Appellant.  Thomas M. DiBiagio, United States Attorney, Stuart A. Berman, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Barbara Hawkins appeals her jury convictions and twenty-four month sentence for making false statements at trial and obstruction of justice, in violation of 18 U.S.C. §§ 1503 and 1623 (2000). Hawkins was convicted of committing perjury in two criminal trials in which she testified for the defendant, Ahmad Perry, who is her son.

Hawkins raises three claims on appeal. First, she claims the district court abused its discretion in refusing to permit certain lines of questioning to her treating physician and co-worker. Next, she maintains that the court erred in denying her motion for acquittal pursuant to Fed. R. Crim. P. 29 at the close of the Government's case-in-chief. Lastly, she argues the court abused its discretion at sentencing in declining to authorize funds for defense counsel to retain a mental health expert pursuant to 18 U.S.C. § 3006A(e)(1) (2000) and in denying her motion for a downward departure. For the following reasons, we affirm Hawkins's convictions and sentence.

We find that the court did not abuse its discretion in refusing to permit Hawkins's treating physician and her co-worker to present lay testimony as to Hawkins's emotional state. In addition, we find that substantial evidence supported Hawkins's jury convictions. See Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Littleton, 76 F.3d 614, 618 (4th Cir.

1996).  We therefore find that the district court did not err in denying Hawkins's Rule 29 motion for acquittal.  See Glasser, 315 U.S. at 80; United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993).  Finally, we conclude that the court did not abuse its discretion in declining to authorize funds for defense counsel to retain a mental health expert as unnecessary under 18 U.S.C. § 3006A(e)(1) (2000) and in denying her motion for a downward departure based primarily on diminished capacity.

Accordingly, we affirm Hawkins's convictions and sentence.  We also grant Hawkins's motion for leave to file a supplemental brief asserting that Blakely v. Washington, __ U.S. __, 124 S. Ct. 2531 (2004), invalidates her sentence imposed under the federal sentencing guidelines.  On August 2, 2004, we entered an order in United States v. Hammoud, No. 03-4253, 2004 WL 17030309 (4th Cir. Aug. 2, 2004) (order), petition for cert. filed, ___ U.S.L.W. ___ (U.S. Aug. 6, 2004) (No. 04-193), concluding that Blakely did not affect the validity of a sentence imposed under the federal sentencing guidelines.  Thus, after reviewing the defendant's supplemental brief, we find no plain error under Blakely occurred in imposing Hawkins's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 3 -